# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY MCPHERSON,

Plaintiff,

v.

SECRETARY OF STATE,

Defendant.

Case No.  1:26-cv-03088-KES-BAM (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION AS FRIVOLOUS

(ECF Nos. 1, 2)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Michael Bruce Anthony McPherson ("Plaintiff"), a state prisoner, seeks to proceed *in forma pauperis* in this matter.  (ECF No. 2.)  Plaintiff names the Secretary of State as the sole defendant and appears to seek title to all lands of the United States.  (ECF No. 1 at 3, 8.)

For the reasons that follow, the Court will recommend dismissal of this action as frivolous.  The Court also will recommend denial of Plaintiff's application to proceed *in forma pauperis*.

### I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Allegations**

Plaintiff names Shirley N. Weber, Secretary of State, as the sole defendant in this action. Plaintiff drafted his complaint using the form provided by this Court. Plaintiff identifies the institution/city where the violation occurred as "Sovereign." (ECF No. 1 at 1.) In the section in which he is asked to indicate which of his constitutional or federal civil rights have been violated, he states, "The title within USA was established as mine from beginning of time." (*Id.* at 3.) He identifies the issue involved as "The land." (*Id.*) In the supporting facts section of the claim, Plaintiff alleges:

> "On 04/09/2026 it was adjudged and decreed: that United States of America with all lands and the original seal is mine including crown authority." <u>United States of America</u> means, title: "All Cuontry's is rose ev Makfarsan, and Fadural; one son, earth, tract; Atlantak Tract Sea. Declaration ev Trust Insurance, National Union National Income Tax ev Declaration. Security, Treasury, Admiralty Territorial. ev school organization. Forever all Makfarsan ev Rose interest crown andapandans." <u>Seal</u> means, Title: "Son earth and land."

(*Id.* (unedited text).) As to his alleged injury, Plaintiff states, "Sovereign." (*Id.*) In the administrative remedies section, Plaintiff states, "N/A." (*Id.*) Plaintiff explains why he did not submit or appeal a request for administrative relief at any level by stating, "I own all prisons."

2

(*Id.*)

Included in the complaint is a Judgment in a Civil Case entered on April 9, 2026, in the matter of *Michael Bruce Anthony McPherson v. United States of America*, 1:25-cv-01643-JLT-SAB (ECF No. 1 at 4.)

As relief, Plaintiff requests: "Pass equitable & legal title to my land stripping the trustee of an interest, and release me from my own prison" (with only my use, and benefit) "Name changed; GAD & Keng."  (ECF No. 1 at 8.)

**III.    Discussion**

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke,* 490 U.S. at 327). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).

Plaintiff's complaint is based on indisputably meritless legal theories.  Examples of claims based on an indisputably meritless legal theory include claims of an interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  Plaintiff purports to bring this suit for land or title based on the judgment entered on April 9, 2026, in the matter of *Michael Bruce Anthony McPherson v. United States of America*, No. 1:25-cv-01643-JLT-SAB.[1]  However, the court dismissed Plaintiff's complaint in that action with prejudice for frivolity, and the corresponding judgment afforded Plaintiff no legal title to land, the United States seal, or "crown authority."  (*See McPherson v. United States of* America, No. 1:25-cv-01643-JLT-SAB, ECF Nos. 12, 13.)  Thus, Plaintiff's theory in this action is based on a legal interest that clearly does not exist.

Further, to the extent Plaintiff's allegations are premised on a sovereign citizen ideology, court have rejected arguments based on such ideology as frivolous and meritless.  *See*, *e.g.*,

---

[1] A court may properly take judicial notice of court records in other cases. Fed. R. Evid. 201; *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records and the records in other cases).

3

*United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *Unites States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (explaining courts have summarily rejected legal theories of "sovereign citizens" as frivolous); *see also Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016).

Plaintiff's factual allegations also are baseless. Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Plaintiff's allegation that the United States of America, with all lands and the original seal, including crown authority, is his rises to the level of the irrational or wholly incredible. Similarly, Plaintiff's allegation that he owns all prisons is fanciful and rises to the level of the wholly incredible.

The Court therefore concludes that Plaintiff's complaint is frivolous, lacking an arguable basis in either law or fact. Because the complaint is frivolous, the Court finds that Plaintiff should not be granted further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). The Court also finds that Plaintiff's application to proceed *in forma pauperis* should be denied. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (explaining district court may deny leave to proceed in forma pauperis "at the outset" where it appears from the face of the complaint that the action is frivolous or without merit); *see also Howze v. Tanaka*, 585 F. App'x 379, 379–80 (9th Cir. 2014) (concluding district court did not abuse its discretion in denying plaintiff leave to proceed in forma pauperis because his claims were either frivolous or lacked merit).

**IV.    Conclusion and Recommendation**

For the reasons stated, the Court finds that Plaintiff's complaint is frivolous and that leave to amend is not appropriate. Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend; and

2.  Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2026**                     /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE